**SIGNED THIS: January 31, 2008**

                              **GERALD D. FINES**
                         **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRYAN J. TROSPER and | ) Bankruptcy Case No. 07-90557 |
| DEBRA J. TROSPER, d/b/a | ) |
| SAWBUCKS FAMILY RESTAURANT, | ) |
| | ) |
| Debtors. | ) |
| | |
| MARSHA L. COMBS-SKINNER, | ) |
| Chapter 7 Trustee, and | ) |
| BTDT, INC., an Illinois | ) |
| Corporation, d/b/a    SAWBUCKS | ) |
| FAMILY RESTAURANT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Adversary Case No. 07-9047 |
| | ) |
| ILLINOIS CASUALTY COMPANY, a | ) |
| Mutual Insurance Company, a | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

OPINION

This matter having come before the Court on Plaintiff's Federal Rule of Civil Procedure 12(B)(6) Motion to Dismiss Defendant's New Affirmative Defenses and Defendant's Response to Plaintiff's Motion to Dismiss Affirmative Defenses, the Court,

having heard arguments of counsel and having reviewed written memoranda filed by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Pursuant to Federal Rule of Civil Procedure 8(a), affirmative defenses are pleadings, and, as such, are subject to the same rules as all pleadings under the Federal Rules. In order for a party to prevail on a motion to dismiss, it must appear from the face of the pleading that the pleading party can prove no set of facts which can entitle it to relief. The Court must assume the truth of all well-pleaded factual allegations and make all possible inferences in favor of the non-moving party. Gorski v. Troy, 929 F.2d 1183 (7th Cir. 1991). The non-moving party need not demonstrate that it will ultimately prevail, only that it had pleaded a claim sufficient for it to go forward with the pleading. The Seventh Circuit has been clear that the only circumstances under which a Federal Rule of Civil Procedure 12(b)(6) motion may be granted is when the pleading party "pleads itself out of court" by "admitting all ingredients of an impenetrable defense." Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002).

In the instant case, the Court has carefully examined the affirmative defenses asserted by Illinois Casualty Company, the arguments raised by the Plaintiff in it Motion to dismiss, and the cases cited in Plaintiff's Motion. In this regard, the Court finds that it must agree with the position asserted by Defendant, Illinois Casualty Company, and find that, at this stage of the proceeding, there has been no basis shown to dismiss the affirmative defenses raised by Defendant, Illinois Casualty Company, in its response to the Plaintiff's complaint. Specifically, the Court finds that the cases of Harbor Insurance Company v. Continental Bank Corp., 922 F.2d 357 (7th Cir. 1990), and In re Apex Automotive Warehouse, 205 B.R. 547 (Bankr. N.D. Ill. 1997), support the Defendant's position that the Plaintiff's Federal Rule

of Civil Procedure 12(b)(6) Motion to Dismiss Defendant's New Affirmative Defenses should be denied.

###